## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CARL MARKS** | * | **CIVIL ACTION NO.:** |
| | * | |
| | * | **SECTION:** |
| **Plaintiff** | * | |
| | * | **JUDGE:** |
| **v.** | * | |
| | * | **MAGISTRATE:** |
| | * | |
| **OCSNER CLINIC FOUNDATION** | * | |
| | * | |
| | * | |
| **Defendant** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

TO THE HONORABLE, THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, CARL MARKS, who respectfully represents the following:

### I.   PARTIES

**1.**

Plaintiff, Carl Marks ("Marks"), is a person of the full age of majority domiciled in the County of Leon, State of Florida.  He is the surviving testate, heir of the decedent, John Jordan.

**2.**

Defendant, Ochsner Clinic Foundation, is a Louisiana corporation.

### II.   JURISIDICTION AND VENUE

**3.**

Jurisdiction is proper in this District pursuant to 28 U.S.C. § 1332(a)(1), as the parties are diverse, and, upon information and belief, the amount in controversy exceeds $75,000.

Furthermore, Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), as the tortious conduct occurred in Jefferson Parish, Louisiana.

## III.   FACTS

### 4.

In the fall of 2009, John Jordan's physicians suspected a benign fibroid in his esophagus. Because he was having difficulty swallowing, he was referred to a thoracic surgeon at Ochsner Clinic Foundation, Dr. Abbas Abbas.  On August 24, 2009, Mr. Jordan underwent an upper GI study, but choked on the barium contrast.  An endoscope subsequently revealed cancer in his chest.

### 5.

In conjunction with the bronchoscopic/endoscopic procedure performed by Dr. Abbas on August 27, 2009, a central line was placed in Mr. Jordan's neck.  On September 2, 2009, 6 days after the central line was placed, Mr. Jordan's chest area had become red and inflamed, and the central line appeared to be leaking.  Although Mr. Marks reported this fact to the Ochsner physicians and nursing staff multiple times, Mr. Jordan's condition was ignored.

### 6.

On September 6, 2009, Mr. Jordan developed a temperature which, the following day, spiked to 103.1 (oral)/106 (rectal).  The central line was removed from Mr. Jordan's neck, and he was given Vancomycin. Despite Mr. Jordan's deteriorating condition, he was prematurely discharged from the hospital on September 8, 2009.

### 7.

Following discharge, Mr. Marks and Mr. Jordan walked down to the oncology department at Ochsner Clinic Foundation for an appointment with Dr. Suma Satti, who was

shocked to discover that Mr. Jordan had been discharged with an abnormally high pulse, dangerously low blood pressure, and an elevated temperature.

**8.**

Mr. Jordan had developed a fungal infection and was septic.  He was thus readmitted to Ochsner approximately two hours after his discharge and transferred to the critical care unit, where he remained for two days, and was then placed on "the floor" for an additional eight days.

**9.**

In addition, due to the complications of his infection, Mr. Jordan's chemotherapy treatment was delayed until November 2, 2009.

**10.**

Frustrated by Ochsner's negligent failure to monitor Mr. Jordan's condition, Mr. Marks contacted Ochsner patient relations to file a grievance.  He thereafter received a letter from Ochsner stating that an internal investigation had been conducted and that Ochsner felt that Mr. Jordan's care was appropriate.  Dissatisfied with the response, Mr. Jordan then contacted the Department of Health and Human Hospitals.

**11.**

As a result of the DHH's investigation, Ochsner was cited for nine (9) separate violations in the areas of patient rights, nursing services, quality assurance/performance improvement, and medical records service.

## IV.   COUNTS OF NEGLIGENCE BROUGHT UNDER LOUISIANA CIVIL CODE ARTICLES 2315 AND 2316.

### 12.

The substandard care and treatment received by Mr. Jordan at Ochsner caused him to contract a serious infection, which required admission to the Critical Care Unit.   The complications that he suffered also delayed his chemotherapy treatment.   Said breaches of the standard of care include, but are not limited to, the following:

A. Breach of the standard of care required of every healthcare provider under the circumstances;

B. Failure to use reasonable care and reasonable diligence;

C. Failure to provide and to apply proper medical and health care;

D. Failure to adhere to aseptic technique in the placement of Mr. Jordan's central line, which resulted in a fulminant infection;

E. Failure to administer appropriate treatment based on Mr. Jordan's signs and symptoms;

F. Failure to monitor Mr. Jordan's deteriorating condition, despite his having signs of infection, including fever, low blood pressure, and rapid heart rate;

G. Failure to consult infectious disease;

H. Failure to make a proper diagnosis and/or to make a differential diagnosis;

I. Failure to order diagnostic testing;

J. Failure to recognize the severity of the patient's condition;

K. Failure to have and/or to follow proper protocols, policies, and procedures;

L. Failure to timely institute antibiotic therapy in an obviously septic patient;

M. Prematurely discharging the patient in a septic, unstable condition; and

[4]

N. Failure to timely treat Mr. Jordan's septic condition, which resulted in a ten-day hospital admission and delay of chemotherapy treatment.

**13.**

As a direct and/or proximate result of Defendant's breaches of the standard of care, as set forth above, Mr. Jordan suffered severe and debilitating injuries, physical pain and suffering, fear, mental anguish, and loss of the enjoyment of life. He underwent numerous procedures and incurred significant medical expenses. Moreover, Defendant's breaches of the standard of care resulted in a delay in Mr. Jordan's chemotherapy treatment, which caused him great anxiety and emotional distress.

**14.**

In the alternative, Defendant's breaches of the standard of care directly and/or proximately caused Mr. Jordan to suffer, at the very least, the loss of the chance of a better medical outcome.

**15.**

A medical review panel was convened in this case pursuant to Louisiana Revised Statute 40:1299.39, *et seq.*, on April 9, 2012. The medical review panel consisted of Drs. Mark D. Kappelman, Randall Juleff, and Brobson Lutz.

**16.**

All three medical review panelists concluded that Ochsner Clinic Foundation breached the applicable standard of care in the treatment of Mr. Jordan.

**17.**

The medical review panel rendered a "split" opinion with respect to medical causation. In particular, Drs. Kappelman and Juleff opined that Ochsner's breaches of the standard of care were not a factor in Mr. Jordan's resultant damages. Dr. Lutz opined that Ochsner's breaches of

the standard of care resulted in Mr. Jordan's loss of the chance to receive earlier treatment for his fulminant infection.

**PRAYER**

**18.**

     **WHEREFORE**, the Plaintiff, CARL MARKS, respectfully requests that this complaint be served on Defendant, Ochsner Clinic Founation; and that, after due proceedings are had, that this Court enter judgment in favor of Plaintiff and against Defendant, Ochsner Clinic Foundation, for payment of all damages as requested in this matter, together with legal interest from the date of judicial demand until paid, for all reasonable attorney's fees, interest and costs, that Plaintiff may be entitled to under the law, and for all other legal and/or equitable relief available in the premises.

                    Respectfully submitted,

                    **SANGISETTY & SAMUELS, L.L.C.**

                    By: */s/ Kara Hadican Samuels*
                    Kara Hadican Samuels (LSBA # 29234)
                    Ravi K. Sangisetty (LSBA # 30709)
                    E-mail:  khs@sangisettylaw.com
                    610 Baronne Street, Third Floor
                    New Orleans, Louisiana  70113
                    Telephone:  (504) 558-9478
                    Facsimile: (504) 558-9482

                    ATTORNEYS FOR PLAINTIFF, CARL
                    MARKS